# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ARNOLD ANDERSON,

           Plaintiff(s),

v.

GILBERTO VALENZUELA, et al.,

           Defendant(s).

Case No. 2:17-cv-02070-APG-NJK

**Report and Recommendation**

On September 6, 2017, the Court ordered Plaintiff to pay a partial filing fee. Docket No. 5. Having now received that partial filing fee, Docket No. 6, the Court will screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915. For the reasons discussed more fully below, the undersigned **RECOMMENDS** that this case be **STAYED** as to Plaintiff's damages claim for unlawful search and false arrest pending completion of his criminal case in state court, and that the unrelated claims regarding prison conditions and ineffective assistance of counsel be **DISMISSED** without prejudice.

**I.    STANDARDS AND ANALYSIS**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to

curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

A.  Search and Arrest

Plaintiff's initial complaint alleged that four police officers unlawfully searched and arrested him in connection with an attempted murder, leading to the filing of charges against him. Docket No. 1-1 at 3-7. Plaintiff is in custody awaiting trial. *Id.* at 5 ("To date Arnold Anderson in custody"). Plaintiff's initial complaint sought monetary damages, as well as injunctive relief in the form of the criminal charges against him being dismissed and his release from custody. *See id.* at 10. Plaintiff's amended complaint continues to make similar allegations that Plaintiff was unlawfully searched and arrested without probable cause. *See* Docket No. 4 at 5-7. Plaintiff's amended complaint continues to seek monetary damages arising out of that arrest, but it no longer seeks injunctive relief. *See id.* at 11.

The United States Supreme Court has long made clear that absent extraordinary circumstances, federal courts must not interfere with pending state criminal prosecutions even when they raise issues of

federal rights or interests. *See, e.g.*, *Younger v. Harris*, 401 U.S. 37, 44 (1971). Under this abstention doctrine, federal courts may not stay or enjoying pending state criminal court proceedings, nor grant monetary damages for constitutional violations arising from them. *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986) (per curiam). A federal court must abstain under *Younger* if four requirements are met:

> (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, *i.e.*, would interfere with the state proceeding in a way that *Younger* disapproves.

*San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008). Each of these requirements is met here.[1]

Having determined that abstention is proper, the undersigned turns to the appropriate remedy. While courts dismiss claims for injunctive relief when *Younger* abstention applies, courts stay matters in which monetary damages are sought until after the state court proceedings are no longer pending. *See, e.g.*, *Gilbertson v. Albright*, 381 F.3d 965, 981 (9th Cir. 2004) (en banc). More specifically, the Supreme Court has indicated that, "[i]f a plaintiff files a false-arrest claim before he has been convicted . . ., it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case . . . is ended." *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). Once the state proceeding has run its course, the Court can decide whether the damages action should proceed. "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* [*v. Humphrey*, 512 U.S. 477 (1994)] will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Wallace*, 549 U.S. at 394. In this case, the amended complaint only seeks relief in the form of damages. It is appropriate to stay Plaintiff's claim arising out of his allegations that he was unlawfully searched and falsely arrested, pending resolution of his state court criminal case.

---

[1] The first three requirements are clearly met. With respect to the fourth factor, courts may abstain where proceeding on a damages action would have a substantially disruptive effect upon ongoing state criminal proceedings. *Mann*, 781 F.2d at 1449. A ruling from this Court that the defendant officers searched and arrested Plaintiff without probable cause would improperly interfere with the criminal proceedings. *See, e.g.*, *Lampley v. Toris*, 2012 WL 846460, at *1, 3 (C.D. Cal. Mar. 8, 2012) (finding it "plain" that *Younger* abstention applied to claim by pretrial detainee for false arrest).

B.     Additional Allegations

In addition to the claim that Plaintiff was unlawfully searched and arrested on September 5, 2016, the first amended complaint includes unrelated claims that: (1) Plaintiff's state court attorney (Kenneth Frizzell) has provided ineffective assistance, Docket No. 4 at 5-6; (2) Plaintiff was subjected to an improper body cavity search by prison staff (L. Murray and J. Dillon) on February 6, 2017, *id.* at 7; and (3) Plaintiff was subjected to deliberate indifference to his medical needs by prison staff (Richard Wolf and "unknown officer") on January 11, 2017, and January 26, 2017, *id.* at 8. These defendants and causes of action are untethered from the unlawful search and false arrest claims brought against the police officer defendants.

Under Rule 20 of the Federal Rules of Civil Procedure, multiple defendants may be joined in a single suit if (1) the claims against each defendant arise out of the same transaction or occurrence, and (2) any question of fact or law is common to all parties. Fed. R. Civ. P. 20(a). Courts have broad discretion in applying Rule 20. *Armstead v. City of Los Angeles*, 66 F. Supp. 3d 1254, 1262 (C.D. Cal. 2014). A finding by the Court that joinder is not proper is not grounds to dismiss a case in its entirety, but the Court may exercise its discretion to "add or drop" parties. *See* Fed. R. Civ. P. 21. "Where parties have been inappropriately joined, it is accepted practice under Rule 21 to dismiss all defendants except for the first named in the complaint; this operates as a dismissal of plaintiffs' claims against other defendants without prejudice." *Armstead*, 66 F. Supp. 3d at 1263. The Court may exercise its discretion under Rule 21 *sua sponte* at any time. *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party").

The claims included in the amended complaint regarding prison conditions and the conduct of Plaintiff's attorney do not satisfy the joinder requirements of Rule 20. As such, these claims against Defendants Frizzell, Murray, Dillon, Wolf, and "unknown officer" should be dismissed without prejudice.

//
//
//
//
//
//

## II. CONCLUSION

For the reasons discussed more fully above, the undersigned **RECOMMENDS** that this case be **STAYED** as to Plaintiff's damages claim for unlawful search and false arrest pending completion of his criminal case in state court. The undersigned further **RECOMMENDS** that the unrelated claims against Defendants Frizzell, Murray, Dillon, Wolf, and "unknown officer" related to prison conditions and for ineffective assistance of counsel be **DISMISSED** without prejudice.

Dated: October 2, 2017

_____
Nancy J. Koppe
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).