UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ARNOLD ANDERSON, | Case No.: 2:17-cv-02070-APG-NJK |
| Plaintiff(s), | **REPORT AND RECOMMENDATION** |
| v. | [Docket No. 12] |
| GILBERTO VALENZUELA, et al., | |
| Defendant(s). | |

Pending before the Court is a motion to file a second amended complaint, which has been referred to the undersigned for screening pursuant to 28 U.S.C. § 1915. *See* Docket No. 12; *see also* Docket No. 15 (referral). For the reasons explained below, the undersigned **RECOMMENDS** that the motion for leave to amend be **DENIED** and that this case be **DISMISSED**.

**I. BACKGROUND**

Although at times convoluted, the factual scenario painted by the pleadings is as follows.[1] On August 23, 2016, a shooting was reported. Docket No. 1-1 at 5. On August 29, 2016, Plaintiff was identified as a suspect in a photo line-up. *See* Docket No. 4 at 6. On September 5, 2016, Plaintiff's car was stopped after it was recognized by the police. *See* Docket No. 4 at 5 ("seen car

---

[1] This section is being provided for background purposes only. Plaintiff's pleadings are not always well-developed. This section provides a background as elucidated from all of Plaintiff's pleadings. *Cf. McKenna v. WhisperText*, 2015 WL 5264750, at *3 & n.32 (N.D. Cal. Sept. 9, 2015) (collecting cases that courts may consider allegations made in prior pleadings).

stopped it").[2] The car was stopped after being pursued by six patrol cars and a helicopter. *See* Docket No. 1-1 at 7. Plaintiff was ordered out of the car at gun point. Docket No. 1-1 at 7. At the time of the car stop, the police told Plaintiff that he "was a suspect from a shooting from 8-23-16." Docket No. 1-1 at 4. On that same day, Plaintiff was questioned and booked on attempted murder, battery causing substantial bodily harm, and other charges. Docket No. 1-1 at 5; Docket No. 4 at 6.

Plaintiff asserts that the above allegations support causes of action under 42 U.S.C. § 1983. In particular, Plaintiff brings suit against four police officers for unlawful arrest and unlawful search and seizure incident to that arrest. *See* Docket No. 12-1 at 2.[3] Plaintiff seeks over $10,000,000 in damages and an order from this Court that the state criminal charges against him be dismissed. *See id.* at 10

After filing this civil suit, Plaintiff was convicted by a jury in state court of criminal charges that had been brought against him. *See* Docket No. 10 at 2.[4] The question currently before the Court is whether this case should be dismissed in light of that conviction. *See* Docket No. 15 at 1; *see also* Docket No. 8 at 3 (discussing *Wallace v. Kato*, 549 U.S. 384 (2007) and *Heck v. Humphrey*, 512 U.S. 477 (1994)).

**II.   STANDARDS AND ANALYSIS**

The Supreme Court has held that a § 1983 action cannot be used to collaterally attack a criminal conviction unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck*, 512 U.S.

---

[2] Plaintiff asserts that at the time of the arrest, there were no current traffic violations and no pending registration issues with the car. *See, e.g.*, Docket No. 12-1 at 5.

[3] Plaintiff had initially brought additional claims against his defense attorney and prison officers. Such claims were dismissed without prejudice for being improperly joined in this suit. Docket No. 8 at 4, *adopted at* Docket No. 15.

[4] Plaintiff's conviction has not been reversed or otherwise invalidated. The Court takes judicial notice of the fact that Plaintiff remains incarcerated at Ely State Prison Facility. *See, e.g.*, *United State v. Basher*, 629 F.3d 1161, 1165 n.2 (9th Cir. 2011) (courts may take judicial notice of information on government inmate locator websites).

at 484.  In determining whether a § 1983 claim is barred by *Heck*, the critical question is whether finding in the plaintiff's favor would necessarily imply the invalidity of his conviction or sentence. *See, e.g., Szajer v. City of Los Angeles*, 632 F.3d 607, 611 (9th Cir. 2011).

The primary thrust of Plaintiff's second amended complaint is that he was unlawfully arrested, which ultimately led to his state court criminal proceedings.  *See, e.g.*, Docket No. 12-1 at 4-7.  To prevail on his § 1983 claim for unlawful arrest, Plaintiff would have to demonstrate that there was no probable cause to arrest him.  *See Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998).  Prevailing on a claim that the police arrested Plaintiff without probable cause would necessarily undermine the validity of his conviction.  *See, e.g.*, *Rosales v. City of Phoenix*, 202 F. Supp. 2d 1055, 1059 (D. Ariz. 1999) (a conviction "necessarily implies the existence of probable cause" and "the existence of probable cause is 'fundamentally inconsistent' with Plaintiff's false arrest claim").  Indeed, Plaintiff expressly asks this Court to invalidate his conviction on this basis.  Docket No. 12-1 at 10 (seeking that "[t]he charges against me [be] dismissed from the unlawful arrest and car stop").  Hence, Plaintiff's claim for unlawful arrest is barred by his subsequent conviction pursuant to *Heck*.  *See, e.g., Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (*per curiam*) ("There is no question that *Heck* bars Smithart's claims that defendants lacked probable cause to arrest him").

Plaintiff also claims that his constitutional rights were violated by the search and seizure that accompanied his arrest.  A person may be searched incident to his lawful arrest.  *See, e.g.*, *Maryland v. King*, 569 U.S. 435, 449 (2013) ("The fact of a lawful arrest, standing alone, authorizes the search").  As such, Plaintiff can prevail on his search and seizure claim only by establishing that his arrest was unlawful.  This claim is therefore barred for the reasons outlined above.  *See Watters v. City of Cotati*, 2011 WL 4853590, at *5 (N.D. Cal. Oct. 13, 2011) ("any claim that the seizure was incidental to an unlawful arrest is barred by *Heck*"); *see also Lauren v. Nellis*, 2011 WL 5598313, at *5 (D. Nev. Nov. 17, 2011).[5]

---

[5] Aspects of Plaintiff's claims could be construed as seeking habeas relief.  The dismissal of this case should be without prejudice to Plaintiff pursuing habeas relief at an appropriate juncture in the future.  *E.g.*, *Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995).

### III. CONCLUSION

For the reasons explained above, the undersigned **RECOMMENDS** that the pending motion for leave to amend be **DENIED** and that this case be **DISMISSED**.

Dated: June 14, 2018

                                              Nancy J. Koppe
                                              United States Magistrate Judge

### NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

---

Moreover, given the potential for future habeas proceedings, the undersigned declines to address the substance of Plaintiff's allegations.