# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ARNOLD ANDERSON, | Case No.: 2:17-cv-02070-APG-NJK |
| Plaintiff | **Order (1) Accepting Report and Recommendation; and (2) Denying Motion to Amend** |
| v. | |
| GILBERTO VALENZUELA, et al., | [ECF Nos. 12, 19] |
| Defendants | |

On June 14, 2018, Magistrate Judge Koppe entered a Report and Recommendation recommending that I deny plaintiff Arnold Anderson's motion file a second amended complaint and dismiss his first amended complaint because his claims are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). Anderson filed an objection, which restates his merits arguments but does not address the *Heck* question. I have conducted a de novo review of the issues set forth in the Report and Recommendation, as required by Local Rule IB 3-2(b). Judge Koppe's Report and Recommendation sets forth the proper legal analysis, and the factual basis, for the decision. Therefore, I will accept her recommendations.

Under the rule announced in *Heck*, if a judgment in the plaintiff's favor "would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487. The first amended complaint and proposed second amended complaint, as well as Anderson's objection, make clear that he is challenging the validity of his conviction. He alleges unlawful arrest and unlawful search and seizure incident to that arrest. ECF Nos. 4 at 2; 12-1 at 2. Most telling, in addition to damages Anderson seeks the dismissal of the state criminal charges against him. ECF No. 12-1 at 10. Moreover, Anderson's claims

require him to show there was no probable cause to arrest him, which would necessarily imply the invalidity of his convictions and so is barred by *Heck*. *See Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998); *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996); *Watters v. City of Cotati*, No. C 10-2574 SBA, 2011 WL 4853590, at *5 (N.D. Cal. Oct. 13, 2011).

Neither the complaints nor the objection indicate that any appeal or post-conviction relief has been resolved in his favor invalidating his conviction. Accordingly, I deny Anderson's motion to amend and I dismiss his first amended complaint without prejudice. Anderson may attempt to refile his claims in a new lawsuit should his criminal conviction later be invalidated, or he may pursue habeas relief at the appropriate time in the future.[1]

IT IS THEREFORE ORDERED that the Report and Recommendation **(ECF No. 19) is accepted**, Anderson's objection (ECF No. 21) is denied, his motion to amend **(ECF No. 12) is DENIED**, and his first amended complaint (ECF No. 4) is dismissed without prejudice.

IT IS FURTHER ORDERED that the clerk of court is instructed to close this case.

DATED this 16th day of July, 2018.

                                               ANDREW P. GORDON
                                               UNITED STATES DISTRICT JUDGE

---

[1] *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995) ("When the intent to bring a habeas petition is not clear . . . the district court should not convert a defective section 1983 claim into a habeas petition.").